Name: Sergio Hurtadodominguez, BV7347
CDC#: BV7347
Doc.m#: 130-59L

1 Kingway
P.O. Box 905
Avenal, California 93204

**FILED**
Apr 14, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In Pro. Per.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

SERGIO HURTADODMINGUEZ,

    Petitioner / Appellate,

vs.

United States of America, et al.,
    Respondent(s) / Defendant(s),

vs.

Immigration and Enforcement
Customs ("I.C.E."), et al.,
    Respondents-2 / Defendants-2,

vs.

Donald Trump, The President of
the United States of America, et al.,
    Real Party in Interest,

Case No.:
22-SF-001406-A
1:25-cv-00434 CDB (HC)

EX PARTE
QUASI-
SOVEREIGN
WRIT OF
MANDATE.

Judge:
Department:
Date:
Time:

RECEIVED
APR 14 2025
CLERK
EASTERN DISTRICT COURT
OF CALIFORNIA
DEPUTY CLERK

✓ ... but embrace so called "quasi-sovereign" interests which are behind titles of its citizens, in all earth and air, within its domain. (Quote in pact Georgia v. Pennsylvania R.R. (1945) 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051.)

Ex Parte Quasi-Sovereign Writ of Mandate:    01 of 12

## INTRODUCTION

1. Petitioner/Appellate, HURTADODMINGUEZ, are hereby moving the above entitle Court for entertaining the said "Ex Parte Quasi-Sovereign Writ of Mandate" of the Real Party in Interest's "Executive Order[2] of Deportation" of none citizen or citizenships of the United States of America, which shall be enforce the Respondent(s)/Defendant(s) and Respondents-2/Defendants-2, to uphold. The Executive Order of Deportation by the Real Party in Interest does not segregating social class, race, gender, or ethic backgrounds. that bar from deportation. (See, Chisholm v. Georgia (1793) 2 U.S. 419, 1 L.Ed. 440 ("Sovereignty of State Laws, Treaties, or Executive Order of the United States."); Virtue v. Creamery Package Mfg. Co., (1912) 227 U.S. 8, 33 S.Ct. 202.)

2. On January 20, 2025, the President of the United States of America (herein after as "the Real Party in Interest") have utilize the Executive Privilege of the President Office, which executing an "Executive Order of Deportations" of none citizen(s) or immigration(s) of the United States, and with "[Executive] Order of Invoke Birth Right Citizenship." The Real Party in Interest's Executive Order doesn't construing prisoner and/or inmate(s) currently incarceration from deportation. (De novo review the "Executive Order" of Deportation.)

///
//
/

Ex Parte Quasi-Sovereign Writ of Mandate:   02 of 12

## JURISDICTION

Petitioner are hereby invoking the United States Constitution, Article 3, §2, cl. 1 [clearly stated that]:

"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; — all Cases of admiralty and maritime Jurisdiction; — to controversies Jto which the United States shall be a Party; — to Controversies between two or more States; — between a State and Citizens of another State; — between Citizens of different States; ... and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects..." (Quotation in parts.) (Also see, New Orleans v. DeArmas (1835) 34 U.S. 224, 9 L.Ed 109 (... "Jurisdiction of [United States] Supreme Court extends to right protected by Constitution, Treaties or Laws of United States from whatever source these rights may spring... (Omitted in part.))

and cl. 2 [have stated]:

"Jurisdiction of [United States] Supreme Court In all Cases affecting Ambassadors, other public Ministers, and Consuls, and those in which a State shall be Party the supreme Court shall have original Jurisdiction. In all the other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress [or the President of the United States] shall made." (Quotation in part.) (Also see, Theresa Sweet v. Cardona (9th Cir. 2024) 121 F. 4th 32; Ross v. Doe (1828) 26 U.S. 655, 7 L.Ed 302 ("Supreme Court have jurisdiction of case(s) which draws into question construction of act of Congress [or the President of the United States of America]; omitted in part.)

Ex Parte Quasi-Sovereign Writ of Mandate:                                03 of 12

which govern the United States Supreme Court and above entitle Court's Judiciary doctrine and jurisdiction authorities to tribunal [any] Case(s) challenge "... [the] Law and Fact, with such Exceptions, and under such Regulations as the Congress [or President of the United States of America] shall made. (U.S. Const. Article 3, § 2, cl. 2, omit and emphasis in part; Theresa Sweet v. Cardona (9th Cir. 2024) 121 F. 4th 32.)"

    The presenting issue(s) or claim(s) of this writ of mandate [3] the Respondent and Defendants-2 to enforce or regulation the Real Party in Interest's "Executive Order of Deportation."

___

3/. See People v. Meloney (2003) 30 Cal. 4th 445; People v. Odlum (1949) 91 Cal. App. 2d 761; People v. Shipman (1965) 62 Cal. 2d 226, prima facie cases.

///
//
/

Ex Parte Quasi-Sovereign Writ of Mandate.    04 of 12

## STATEMENT OF FACTS

Petitioner/Appellate is currently incarcerating at the Avenal State Prison, and formerly an inmate(s) under the State of California custody or constructive custody [4]/ of care. Appellate is not a sui juris [5]/ citizen or citizenship of the Respondent(s) govern sovereign state(s) [6]/ laws nor judiciary tribunal, and have any allegiance to his birth right country pursuant to the Uniform Commercial Code ("U.C.C."), statutory provisions (Please see Mac's Shell Serv. v. Shell Oil Prods. Co. LLC, (2010) 559 U.S. 175, 130 S.Ct. 1251, 176 L.Ed.2d 36; Virtue v. Creamery Package Mfg. Co., (1912) 227 U.S. 8, 33 S.Ct. 202, 57 L.Ed. 313.) His

---

[4]/ "Constructive" legally imputed; existing by virtue of legal fiction though not existing in fact." "Custody" of a person (such as a parolee or conditioner) whose freedom is controlled by legal authority but who is not under direct physical control." (see, Black's Law Dictionary 5th Ed.)

[5]/ Sui Juris, "... of one's own right; independant: - Roman law. Of relating to, or involving anyone of any age, male or female, and therefore, capable of owning property and enjoying private law right." (Omit in part, Black's Law Dictionary 5th Ed.)

[6]/ sovereign state(s); "A state that possesses an independant existence, being complete in itself, without being merely part of a larger whole to whose government..." (Black's Law Dictionary 5th Ed.)

Ex Parte Quasi-Sovereign Writ of Mandate:                              05 of 12

1. current immigration status quo are falling
2. within Title 8, of the United States Code
3. Annotated ("8 U.S.C.A — alien regulations and
4. status"), and Code of Federal Regulations
5. ("8 C.F.R. — alien status and rules"),
6. frame work statute of mandamus or
7. mandate.
8.
9.         On January 20, 2025, the Real
10. Party in Interest have sworn into the United
11. States of America's 47th President [Office].
12. Upon such date, that the Real Party in
13. Interest have issued an "<u>Executive</u>
14. <u>Order of Deportation</u>," which mandamus
15. and mandate any and all none-citizen
16. or citizenship(s) of the United States of
17. America a 'legal passage to return or
18. deport back to his Country(s) [origin] of
19. birth place. (Quote in pact, U.C.C. §1-et
20. seq., U.S. Const., Article 3, §2, cl. 1-2, et
21. seq.).
22.
23.
24.
25.
26.
27.
28.

<u>Ex Parte Quasi-sovereign Writ of Mandate:</u>                    04 of 12

## ARGUMENT

A) Whether the Title 8, of U.S.C.A. §1-§1777, and 8 C.F.R. §1-§1337, et seq., statutory provision(s) bar "judiciary deportation relief".

According to 8 U.S.C.A. §1-§1777, and 8 C.F.R. §1-§1337, et seq., "Alien, Immigration, and Naturalization," statutory provision have not established any definition and/or construing of laws, rules, or regulations which bar any outline judiciary boundary to challenge his/her deportation "hold, detainer, or warrant" for none citizen person(s), inmate(s), and current or former incarceration person(s). The norm of 8 U.S.C.A §1-§1777 and 8 C.F.R. §1-§1337, statutes was created the Federal Immigration Administration Tribunal Remedies.

The presenting issue(s) or matter(s) whether the Real Party in Interest's "Executive Order of Deportation" of federal authority have been enforce and/or

mandamus (supra, at p. 4) properly. The Respondents and Defendant(s)-2 do not have any establish legal and factual argument(s) of federal laws, regulations, or statutory provisions question that limited nor bar petitioner from challenge his deportation and alien of naturalization status. (See, 8 U.S.C.A. §1 - §1777, and 8 C.F.R. §1 - §1337, et seq.; Chisholm v. Georgia (1793) 2 U.S. 419, 1 L.Ed. 440, "... challenge the United States Natural Laws." (quotation in part.))

B) De Novo review and Mandate the Real Party in Interest's Executive Order of Deportation:

The Chisholm [v. Georgia (1793) 2 U.S. 419, 1 L.Ed. 440], and Camp [v. Lockwood (1788) 1 U.S. 393, 1 L.Ed. 192], Courts have landmark cases that out line and define sovereign state(s) (see, Black's Law Dictionary 5th Edition, supra, at p. 5), or person (supra, at p. 5, fn. 5), by the Founding Father of the

Ex Parte Quasi - Sovereign Writ of Mandate:

United States of America [natural law] the "Constitution Rights" and the "Bill of Right(s)." The Courts further give Congress authority to established the Judicial regime authorities to the United States Supreme Court to enforce and interpretation the U.S. Constitution Right(s), regulating the Laws, and mandate the Congress' or the President's "Executive Order." (Please see, U.S. Const., Article 3, §2, cl. 1-2, et seq.; quotation in pact, 1 U.S. at p. 400, fn 14, 1 L.Ed. at p. 195, supra.)

The present matter, the Real Party in Interest's "Executive Order [of Deportation]" doesn't outline nor interpretation what type(s) of class, ethnics, genders, race(s), or discrimination person(s) origin birth country(s) that are excluding from the deportation order. (Citing authority: "Freedom of Information Act" under 5 U.S.C.A. § 1 through end, et seq.) Furthermore, individual(s) none-citizen or citizenship of the United States of America (according to: 8 U.S.C.A. §1 - §1772 [end], and 8 C.F.R. §1 -

Ex Parte Quasi-Sovereign Writ of Mandate:   09 of 12

1  § 1337 [end], which define, rules, and
2  regulations of an "Alien, Immigration,
3  or Naturalizations"), are still entitle
4  right(s) and natural laws that govern
5  under the Uniform Commercial Code
6  (U.C.C.) § 2-106(3)-(4) - contract,
7  constructive termination (§ 168, et seq.),
8  birth right(s), alliance, and allegiance
9  of his/her birth country(s). (Please
10 see, Virtue v. Creamery Package
11 Mfg. Co., (1912) 227 U.S. 8, 33
12 S. Ct. 202, 57 L.Ed. 393, quotation
13 in part.)
14
15       Unless the Real Party in
16 Interest's Executive Order [of
17 Deportation(s)] shows, interpretations,
18 or construing specification what
19 type(s), race(s), classes, or ethnics of
20 "Alien, Immigration, and Naturalization"
21 (citing, 8 U.S.C.A. and 8 C.F.R. § 1 to
22 end, supra), bar from deportation.
23 Therefore, Petitioner are entitle under
24 the U.S. Const., Article 3, § 2, cl. 1-2,
25 et seq. to mandate the Judicial
26 Court enforce Real Party in Interest's
27 Executive Order [of Deportation]
28 of January 20, 2025.

Ex Parte Quasi - Sovereign Writ of Mandate:      10 of 12

## PRAYER RELIEF

Petitioner/Appellate have establish factual laws and legal argument relief the Real Party in Interest's Executive Order [of Deportation] on January 20, 2025. (U.S. Const., Article 3, §2, cl. 1 to 2, if seq.). Petitioner mandate the Judicial Court relief by enforce the Respondents and Defendant(s)-2 to deport him/her back to their birth country(s) of origin.

Appellate further establish factual laws of the 8 U.S.C.A. §1 - § 1777 (end) and 8 C.F.R. §1 - §1337 (end) statutory provisions that bar nor denied him the U.S. Const., Article 3, §2 cl. 1 to 2, and the U.C.C. judiciary court tribunal to enforce and mandate the Respondents and Defendant(s)-2 of the Real Party in Interest's Executive Order [of Deportation].

Ex Parte Quasi-Sovereign Writ of Mandate:                 11 of 12

## CONCLUSION

For above entitle reason(s), factual laws or case laws, and argument(s), that Petitioner praying of relief the Judicial Court to enforce and Mandate Respondents and Defendant(s)-2 to uphold and regulating the Real Party in Interest's Executive Order [of Deportation] on January 20, 2025. (Citing, U.S. Const. Article 3, §2, cl. 1-2, judicial court tribunal.) Under any Federal laws, rules, or regulations deem and bar Appellate from invoke the U.S. Const., Article 3, §2, cl. 1-2, Judicial Court (tribunal).

Dated: March 26, 2025

/S/ [signature]

Respectful Submitted

Name: Sergio Hurtadodominguez
CDC#: BV7347
Dorm#:
1 Kingways
P.O. Box 705
Avenal, California 93204

Ex Parte Quasi-Sovereign Writ of Mandate:    12 of 12

## PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING DOCUMENT:

ENTITLED: "Ex Parte Quasi-Sovereign Writ of Mandate"

BY PLACING THE SAME IN AN ENVELPOE, SEALING IT BEFORE A CORRECTIONAL OFFICER, AND DEPOSITING IT IN THE [UNITED STATE MAIL] AT AVENAL STATE PRISON AND ADDRESSED IT TO THE FOLLOWING:

United States District Court
Eastern District Court of California
Att: Clerk Office (Fresno Division)
2500 Tulare Street, #1501
Fresno, California 93721

EXECUTED ON March 26, 2025 AT AVENAL STATE PRISON, AVENAL, CALIFORNIA

1 I, Sergio Hurtadodominguez, DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE OF DECLARANT
Sergio Hurtadodominguez
DOB: 1/29/93

Sergio Hurtadodominguez
PRINT NAME OF DECLARANT

PRO PER.