UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO HURTADODOMINGUEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Respondents. | Case No. 1:25-cv-00434-CDB (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS WITH PREJUDICE<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Sergio Hurtadodominguez ("Petitioner"), a state prisoner incarcerated at Avenal State Prison in Avenal, California, proceeds pro se and *in forma pauperis* with a filing labeled "ex parte quasi-sovereign writ of mandate" against Respondents United States of America, Immigration and Enforcement Customs ("ICE"), and Donald Trump (collectively, "Respondents"), filed on April 14, 2025. (Doc. 1). The undersigned construes Petitioner's petition as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant

1

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006)).

## II.   LEGAL STANDARDS APPLICABLE TO PETITIONS FOR MANDAMUS RELIEF

The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998) (citing *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986)). *Cf. Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) ("the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."). Further, "[e]ven if the test is met, the district court still retains the discretion to deny relief." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (citing *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n. 5 (9th Cir. 1997)).

A party proceeding pro se is entitled to the court's liberal construction of his pleadings. *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984). Further, "[u]nless it is absolutely clear that no amendment can cure [a] defect, ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); accord *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming dismissal without leave to amend where amendment would have been futile).

## III.   DISCUSSION

### A.   Petition

Petitioner moves the Court to entertain his "ex parte quasi-sovereign writ of mandate" to enforce Respondents to uphold President Donald Trump's January 20, 2025, Executive Order of Deportation ("Executive Order"). (Doc. 1 at 2). Petitioner alleges that the issue or claim of his writ of mandate is to require Respondents to enforce the Executive Order. (*Id.* at 4). Petitioner alleges that he is currently

incarcerated at Avenal State Prison and is "formerly an inmate[] under the State of California custody or constructive custody of care." (*Id.* at 5). He alleges his "current immigration status" falls within 8 U.S.C. "alien regulations and status" and the "Code of Federal Regulations" at "8 C.F.R. — alien status and rules[.]" (*Id.* at 6). He alleges the Executive Order "mandates any and all none-citizen or citizenship(s) of the United States of America a legal passage to return or deport back to his Country(s) [origin] of birth place." (*Id.*). Petitioner argues that 8 U.S.C. § 1777 has "not established any definition … which bar any outline judiciary boundary to challenge his/her deportation hold, detainer, or warrant for none citizen person(s), inmate(s), and current or former incarcerat[ed] person(s)." (*Id.* at 7). He argues that Respondents have not established any legal or factual arguments that limit nor bar him from challenging his deportation and "alien or naturalization status." (*Id.* at 8). He appears to allege that the statutes at issue, § 1777 and 8 C.F.R. § 1337, "still entitle right(s) and natural laws that govern" under the Uniform Commercial Code. (*Id.* at 10). Petitioner argues that he is entitled under the Constitution to "mandate" the Court to enforce the President's Executive Order. (*Id.*). Specifically, Petitioner prays that the Court mandate relief by ordering Respondents to deport him back to his birth country of origin. (*Id.* at 11, 12). The petition is signed and dated March 26, 2025. (*Id.* at 12).

**B.    Analysis**

Petitioner seeks the Court to grant his petition for a writ of mandamus to compel Respondents to enforce the President's January 20, 2025, "Executive Order of Deportation" by deporting him back to his birth country of origin. Liberally construing the petition, the Court construes Petitioner's invocation of the operative executive order to refer to President Trump's executive order entitled "Protecting the American People Against Invasion," issued January 20, 2025 (the "Executive Order").[1] The Executive Order directs the Department of Homeland Security (DHS), among other things, "to ensure the efficient and expedited removal of aliens from the United States." *Id.* Secs. 9 & 10. The Executive Order also provides that it "does not[] create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." *Id.* Sec. 23(c).

---

[1] *Available at* https://www.whitehouse.gov/presidential-actions/2025/01/protecting-the-american-people-against-invasion/ (last visited April 18, 2025).

Petitioner's petition fails to meet the factors to entitle him to mandamus relief. Petitioner has not established that he has a clear right to the relief requested or that any of the Respondents have a clear duty to act in this case. Petitioner asserts that he is entitled to relief under the Executive Order; however, that order neither grants Petitioner a right to relief (deportation or removal) nor imposes upon any of the Respondents an obligation to investigate Petitioner's immigration status and compel commencement of removal proceedings in the event Petitioner is deportable. Instead, the order merely directs Respondents to provide for "the efficient and expedited removal of aliens from the United States." This language implicates the quintessential discretionary functions of those executive agencies charged with investigating and enforcing the laws of the United States -- a court may not properly issue a writ of mandamus to compel the exercise of such discretionary duties. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that the United States Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.") (collecting cases). Indeed, the Ninth Circuit has recognized that Congress amended the Immigration and Nationality Act in 1994 to clarify that an incarcerated alien (like Petitioner) may not demand a deportation proceeding through a writ of mandamus. *See generally Campos v. I.N.S.*, 62 F.3d 311 (9th Cir. 1995). Accord *Gonzalez v. U.S. I.N.S.*, 867 F.2d 1108, 1110 (8th Cir. 1989) (mandamus not available to convicted alien seeking to compel immigration authorities to afford him deportation proceeding). Nothing in the Executive Order contravenes these authorities or otherwise creates an enforceable right for the benefit of incarcerated aliens such as Petitioner that they may demand officers such as Respondents to grant.

In short, Petitioner fails to show that the "extraordinary remedy" of mandamus is clearly warranted in this case. Because Petitioner has not shown that Respondents failed to perform a nondiscretionary duty or impermissibly deviated from the boundaries of their discretion, the Court need not decide whether Petitioner satisfies the other requirement of the mandamus test (*e.g*., availability of other relief). *Barron v. Reich*, 13 F.3d 1370, 1376 n.4 (9th Cir. 1994). Further, as addressed above, because mandamus is not available to compel Respondents to apply the Executive Order in a manner that grants to Petitioner the relief he seeks (deportation or removal), leave to amend the petition is unwarranted because any amendment would be futile. *Leadsinger, Inc.,* 512 F.3d at 532.

## IV. CONCLUSION AND RECOMMENDATION

Accordingly, for the foregoing reasons, the undersigned **HEREBY RECOMMENDS** that Petitioner's petition for writ of mandamus (Doc. 1) be **DISMISSED WITH PREJUDICE**.

Further, the Clerk of the Court is **DIRECTED** to randomly assign a U.S. District Judge to the action.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, Petitioner may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent Petitioner wishes to refer to any exhibit(s), Petitioner should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). Petitioner's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 18, 2025**                             _____
                                                          UNITED STATES MAGISTRATE JUDGE