**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGIO HURTADODOMINGUEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Respondents. | Case No. 1:25-cv-00434-JLT-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF MANDAMUS WITH PREJUDICE<br><br>(Docs. 1, 5) |

Sergio Hurtadodominguez, a state prisoner incarcerated at Avenal State Prison, proceeds pro se and *in forma pauperis* with a filing labeled "ex parte quasi-sovereign writ of mandate" against Respondents United States of America, Immigration and Enforcement Customs and Donald Trump (collectively, "Respondents"), filed on April 14, 2025. (Doc. 1.) The Court construes the filing as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 seeking a Court order that would require Respondents to deport Petitioner back to his birth country of origin pursuant to President Donald Trump's executive order entitled "Protecting the American People Against Invasion," issued January 20, 2025 (the "Executive Order")[1]. (*See id.*)

On April 18, 2025, following a preliminary review of the record, the assigned magistrate judge issued findings and recommendations to dismiss the petition for writ of mandamus with prejudice.

---

[1] *Available at* https://www.whitehouse.gov/presidential-actions/2025/01/protecting-the-american-people-against-invasion/ (last visited May 9, 2025).

1

(Doc. 5.) The magistrate judge determined that the petition fails to meet the factors entitling a party to mandamus relief because Petitioner has not established that he has a clear right to the relief requested, or that any of the Respondents have a clear duty to act in this case, and he has otherwise failed to show that the "extraordinary remedy" of mandamus is clearly warranted. (*Id.* at 4 (citing *inter alia Gonzalez v. U.S. I.N.S.*, 867 F.2d 1108, 1110 (8th Cir. 1989) (mandamus not available to convicted alien seeking to compel immigration authorities to afford him deportation proceeding)).) Furthermore, the magistrate judge determined that because mandamus relief is not available to compel Respondents to apply the Executive Order in a manner that grants Petitioner the relief he seeks (*i.e.*, deportation or removal), leave to amend the petition is unwarranted because any amendment would be futile. (*Id.* (citing *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)).) The Court served the findings and recommendations on Petitioner and informed him that any objections were due within 21 days. (*Id.* at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).) No objections have been filed, and the time to do so has now passed.[2]

Pursuant to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. Accordingly, the Court **ORDERS**:

1. The April 18, 2025, findings and recommendations (Doc. 5) are **ADOPTED** in full.
2. Petitioner's petition for writ of mandamus (Doc. 1) is **DISMISSED** with prejudice.
3. The Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:   **May 14, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] Although Petitioner filed a notice of change of address form dated two days after issuance of the findings and recommendations (*i.e.*, April 20, 2025, *see* Doc. 7), the Court notes that the new address identified by Petitioner directs mail to the same institution and same Post Office Box at Avenal State Prison. The only difference between the former and new address appears to be internal prison housing information, which the Court does not normally add to a prisoner's mailing address.